**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 26, 2014.**



_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-12216-TMD |
| | § | |
| JOHNNY RAY LONG | § | CHAPTER 13 |
| | § | |
| Debtor. | § | |

### ORDER DENYING MOTIONS TO REMOVE ABATEMENT

Johnny Ray Long proposed in his Chapter 13 plan to pay his creditors in full, and then made good on his proposal by actually paying them in full in less than four years. During his bankruptcy case, however, he filed a lawsuit in Federal District Court in Dallas seeking millions of dollars, and failed to disclose that lawsuit in this bankruptcy case. When the Defendant in the District Court case moved to dismiss on the grounds that Long should be judicially estopped from suing because the lawsuit was not properly disclosed, Long came back to this Court seeking to reopen his bankruptcy in order to bolster his defense against the judicial estoppel attack in the Dallas District Court.

1

Initially, this Court decided to not decide the motion to reopen, reasoning that the issues placed before the Dallas District Court should be resolved by that court without parallel and possibly conflicting rulings from this bankruptcy court. Long has now filed two motions requesting that this Court proceed to decide the motion to reopen. The Court has considered the history of this case, the pleadings, the evidence and arguments presented at the hearing, and the relevant case law. For the reasons that follow, the Court will DENY Long's motions.

## I. FACTS

On November 6, 2008, Long filed this case under Chapter 13 of the Bankruptcy Code. In his plan of reorganization, Long proposed to pay all of his creditors 100% of their claims over five years. An order confirming Long's plan was entered on January 27, 2009. ECF No. 9. On June 1, 2011, while making payments under the plan, Long filed a qui tam action styled *U.S. ex rel. Johnny Ray ("J.R.") Long vs. GSD&M Idea City LLC*, Civil Action No. 3:11-cv-1154-O in the United States District Court for the Northern District of Texas (the "Qui Tam Action"). In the Qui Tam Action, Long asserted an individual interest potentially worth millions of dollars; however, he failed to disclose this asset in his bankruptcy case.

Long made all of his bankruptcy plan payments — in four years, not five — and received a discharge in his bankruptcy case on September 26, 2013. ECF No. 27. After the Chapter 13 Trustee, Deborah Langehennig, (the "Trustee") filed her Final Report, the case was closed. ECF No. 29. Then, on March 3, 2014, the Defendant in the Qui Tam Action, GSD&M, filed a Motion to Dismiss Complaint with Prejudice for Lack of Standing and Pursuant to Judicial Estoppel (the "Motion to Dismiss"). Qui Tam Action, ECF No. 229. In the Motion to Dismiss, GSD&M argued that Long was judicially

estopped from pursuing the Qui Tam Action because Long failed to disclose the action in his bankruptcy case. *Id.* at 2. In response, Long argued that he was not estopped because his nondisclosure was inadvertent and all of his creditors were paid in full under his plan of reorganization. *See* Qui Tam Action, ECF No. 247 at 1.

On March 24, 2014, and before the District Court could hear the Motion to Dismiss in the Qui Tam Action, Long filed a Motion to Reopen Chapter 13 Case (the "Motion to Reopen"). ECF No. 31. In the Motion to Reopen, Long asked the Court to reopen his bankruptcy case to amend his schedules to disclose the Qui Tam Action and to "give the Chapter 13 Trustee the opportunity to ratify Long's position, to pursue the Qui Tam Action jointly with Long, or to abandon the claim to Long or for this court to declare that Long has standing to pursue the Qui Tam Action without the joinder of the Chapter 13 Trustee." ECF No. 31 at 3. The Trustee filed a response objecting to the Motion to Reopen and stated that she did not wish to ratify Long's position, pursue the Qui Tam with Long, or abandon the claim to Long. ECF No. 32 at 2. In the response, the Trustee asserted that the District Court was the proper forum for determining whether Long is estopped from pursing the Qui Tam Action. *Id.* at 3. Long then filed a reply to the Trustee's response and asked the Court to reopen the case to formalize the Trustee's abandonment of the Qui Tam Action. ECF No. 34 at 1. Next, Long filed a Supplement to the Motion to Reopen Chapter 13 Bankruptcy Case of Johnny Ray Long (the "Supplemental Motion to Reopen"). ECF No. 37. In the Supplemental Motion to Reopen, Long argued that the case should be reopened for cause pursuant to 11 U.S.C. § 350(b) because the nondisclosure of the Qui Tam Action was inadvertent and Long paid all of his creditors in full. ECF No. 37 at 2-3. Long also argued that the Court should

3

balance the interests of the United States in the Qui Tam Action against the policy concerns of judicial estoppel. *Id.*

On May 13, 2014, the Court conducted a hearing on the Motion to Reopen and the Supplemental Motion to Reopen. An issue arose as to the standing of the Trustee and GSD&M to object to the Motion to Reopen, but the Court did not consider their pleadings and they did not argue at the hearing. Although the Court would not normally raise its own objections to relief requested by a debtor in a bankruptcy case, in this case the Court did so out of respect for, and in deference to, the District Court hearing the Qui Tam Action.

At the hearing, the Court determined that it should abate ruling on the Motion to Reopen until after the District Court ruled on the Motion to Dismiss in the Qui Tam Action because the judicial estoppel argument was currently pending before that court and the District Court judge was in a better position to rule. ECF No. 55 at 29-30. The Court also stated that it would decide the issues if the District Court determined that the bankruptcy court was the proper forum, but it did not want to unilaterally take action that would be or could be construed as inconsistent with the rulings of the District Court on the matters then pending before the District Court. *Id.* at 30-31.

The Court's decision to abate the Motion to Reopen as a matter of deference to the District Court, where the judicial estoppel issue was first raised, is supported by substantial precedent. In the Fifth Circuit, "when two cases before different judges raise substantially overlapping issues, the court in which the first case was filed should decide those issues and the second court should defer." *PoolRe Ins. Corp. v. Organizational Strategies, Inc.*, 2013 WL 3929077 at *10 (S.D. Tex. July 29, 2013) (citing *Save Power*

4

*Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985)). The purpose of this rule is to avoid (1) duplication of effort; (2) infringing on the authority of sister courts; and (3) piecemeal resolution of issues that would be better served by a uniform result. *Id.* "Once the second court determines that its case requires resolution of issues that substantially overlap those in the first court, the second court should abate the matter, either through a stay or a dismissal without prejudice to refiling." *Id.* (citing *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1159 (5th Cir. 1992)). As to Long's argument that the interests of the United States should be considered in the balance against the policy concerns of judicial estoppel, the Court believed that the District Court, where the Qui Tam Action was then pending, would be in a better position than this Court to conduct that balancing. ECF No. 55 at 30.

One other consideration informed the Court's decision to abate. Whether Long's failure to disclose the suit on his schedules judicially estops him from now pursuing the Qui Tam Action is an issue that is the subject of several fairly recent Fifth Circuit cases. *In re Flugence*, 738 F.3d 126 (5th Cir. 2013); *Love v. Tyson Foods, Inc.*, 677 F.3d 258 (5th Cir. 2012); *Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011). *See also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354 (5th Cir. 2014) (finding that the trustee has exclusive standing to assert undisclosed claims that fall within the bankruptcy estate, but not reaching the judicial estoppel issue). Guided by these precedents, the Fifth Circuit would hear a direct appeal from a decision by the Dallas District Court, and would do so on largely undisputed facts. It would make no sense for this Court to rule on the same or a similar issue, and have its ruling appealed to the Austin District Court, before going up

to the Fifth Circuit where the essential judicial estoppel issue would already be pending, if not decided.

Just two weeks after the Court abated Long's Supplemental Motion to Reopen, Long filed a Motion to Remove Abatement and Proceed with Motion to Reopen Case (ECF No. 57, "<u>Motion to Remove Abatement</u>"), and also requested an expedited hearing because the District Court was expected to rule on the Motion to Dismiss in the near future. The Court denied expedited consideration of the Motion to Remove Abatement because the reason for the abatement was to allow the District Court to rule unimpeded by bankruptcy court rulings on the very same or related issues. ECF No. 59. Instead, the Court deferred the hearing on the Motion to Remove Abatement to July 8, 2014, to allow the District Court to rule. ECF No. 61.

On June 10, 2014, the District Court entered an Order granting GSD&M's Motion to Dismiss. Qui Tam Action, ECF No. 326. In the Order, the District Court found that Long was under a duty to disclose the Qui Tam Action in his bankruptcy case and that the doctrine of judicial estoppel barred Long from pursing the Qui Tam Action. Qui Tam Action, ECF No. 326 at 13. Ultimately, the District Court dismissed Long's claims against GSD&M, but gave the Trustee seven days to file a notice of intent to pursue the claim. *Id.* at 14. The Trustee did not file such a notice and so the District Court entered a Final Judgment that dismissed the Qui Tam Action with prejudice. Qui Tam Action, ECF No. 330. Long then filed his Supplemental Motion to Remove Abatement in this Court. ECF No. 63.

Both Motions to Remove Abatement ask the Court to remove the abatement and rule on the Motion to Reopen. Specifically, Long asks the Court to (1) unabate the

6

bankruptcy case; (2) abandon Long's interest in the Qui Tam Action to Long; and (3) declare that nothing in the order modifies or alters the District Court's ruling in the Qui Tam Action. ECF No. 57 and 63.

After the July 8, 2014 hearing on the Motions to Remove Abatement, the Court took the matter under advisement and asked the parties to file supplemental briefs.

II. **ANALYSIS**

As an initial matter, Long argues that neither the Trustee nor GSD&M has standing to object to the relief sought by Long. The Court has not considered the pleadings filed by either the Trustee or GSD&M, and at the May 13, 2014 hearing, the Court refused to hear the Trustee's argument. ECF No. 55 at 28-29. The Court did consider the testimony of the Trustee at the July 8, 2014 hearing; but that testimony was provided at Long's insistence. ECF No. 69 at 12-13. GSD&M appeared at the May 13th hearing, but only offered limited argument regarding its standing. In any event, the Court does not consider it necessary to rule on the standing issue at this time.

Under 11 U.S.C. § 350(b), the court may reopen a case to (1) administer assets; (2) to accord relief to the debtor; or (3) for other cause. 11 U.S.C. § 350(b) (2014). It is within the discretion of the bankruptcy court to reopen a case if cause for reopening has been shown. *In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991). At the beginning of the hearing held on May 13, 2014, the Court asked counsel for Long what the Court would administer if the case were then reopened, and the answer was: "You would administer nothing...." ECF No. 55 at 5. Since then, the existence of the only asset that might have been administered has been seriously questioned (to say the least) by the District Court's decision to dismiss in the Qui Tam Action. If the Fifth Circuit reverses the District

7

Court, then there will be an asset to administer and this case can be reopened at that time, if a purpose would be served.[1] There is simply no point to expending the judicial resources needed to administer the case unless and until it becomes clear that there is an asset to administer. *See In re Haker*, 411 F.2d 568, 569 (5th Cir. 1969) (affirming denial of motion to reopen where "the chance of any substantial recovery for creditors [wa]s too remote to make the effort worth[while]….").

At the hearing on the Motions to Remove Abatement, however, Long argued that there is a distinction to be made between the issue of whether Long is judicially estopped from pursuing the action (which was decided by the District Court), and whether the Qui Tam Action should be abandoned to Long so that he is viewed as owning the lawsuit as an asset. ECF No. 69 at 25-32. Further, Long said he would stipulate that the Court's ruling on the abandonment issue would have no effect on the judicial estoppel issue. *Id.* at 9.

Putting aside the question of whether any rulings by this Court could affect the Fifth Circuit's review of the District Court's ruling, the Court declines Long's invitation to engage in the linguistic gymnastics needed to distinguish between having standing to pursue a lawsuit, and being viewed as owning the lawsuit. If the Fifth Circuit affirms the District Court, Long will not have standing to pursue the suit, and thus, should not be viewed as owning the lawsuit as an asset.[2]

---

[1] Long filed a Notice of Appeal to the Fifth Circuit on September 5, 2014. Qui Tam Action, ECF No. 357.

[2] Long argues in his brief in support of the Motions to Remove Abatement that the Motion to Reopen was not intended to become a battleground on the issue of judicial estoppel. ECF No. 75. However, much of the May 13, 2014 hearing was devoted to discussion of judicial estoppel and consideration of that issue by the District Court. *See generally*, ECF No. 55 at 4 (noting that *Flugence* presents a similar issue); *id.* at 5 (discussing the effect of reopening on the judicial estoppel issue before the District Court); *id.* at 8-13 (discussing *Flugence*, the elements of judicial estoppel generally, and an article written by the Trustee on judicial estoppel); *id.* at 24-25 (discussing whether an asset that arises after

8

Although Long is willing to stipulate that this Court's decision to reopen the case and order the suit abandoned to Long will not affect the appeal, it is hard to see why Long is seeking this ruling if not to create an argument to bolster his appeal. If so, then weighing in on the Motion to Reopen would be contrary to the authorities cited above that counsel in favor of allowing the court first faced with an issue to rule on the issue. Long admittedly failed to disclose the suit in his bankruptcy, and then chose to sue in the Northern District of Texas. Under those circumstances, Long cannot be heard to complain if this Court defers to allow the appeal of that proceeding to run its course, unhindered by a ruling made in this Court.

Therefore, it was appropriate for the Court to abate the Motion to Reopen to allow the District Court to rule without unnecessary complications from this Court, and that continues to be the most appropriate course of action now that the judicial estoppel issue is being appealed to the Fifth Circuit.

---

confirmation, but before discharge needs to be disclosed); *id.* at 26-28 (distinguishing this case from *Flugence* because this case involves a 100% plan and generally discussing intent as an element requested for a judicial estoppel finding). In fact, Long's counsel admitted that reopening the case could complicate the judicial estoppel issue in the District Court.

The Court: So, then, would [reopening the case to abandon the asset to Long] effectively take away from Judge O'Connor the issue of judicial estoppel?

[Counsel]: I think he could still work on the issue of judicial estoppel. It could definitely influence it, your Honor. There's no doubt about that. But as far as taking away from it, judicial estoppel, from what I understand, is a pretty broad concept, and the Court would ultimately have to make that decision.

The Court: Judge O'Connor.

[Counsel]: Judge O'Connor. That's correct.

*Id.* at 5.

### III. **<u>CONCLUSION</u>**

In conclusion, the Court holds that the Motions to Remove Abatement should be DENIED without prejudice to re-filing after the conclusion of the Qui Tam Action appeal.

# # #